UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ALLSTATE INSURANCE COMPANY,
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, and ALLSTATE
FIRE & CASUALTY INSURANCE
COMPANY,

                     Plaintiffs,

      -against-


MACCABI PHARMACY RX INC., et al.,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-cv-6214 (CBA) (RML)

**AMON, United States District Judge:**

On April 22, 2025, Plaintiffs in this action moved for default judgment against several defendants in this action. (Docket Entry ("D.E.") # 64.) Those defendants—Albertson Pharmacy Inc., Boulevard 9229 LLC, IVS Pharmacy Corp., LPM Pharmacy Corp., Malvina Drug Corp., Merrick Wellness Inc., Peter Khaim, Arkadiy Khaimov, Arkadiy Abramov, Luisa Pulido Molina, Abdugani Nabiev, Rahbar Nabieva, and Ishbay Shukurov ("defaulting defendants")—have not answered the complaint and have failed to otherwise appear in this action, despite having been properly served, and despite entry against them of certificates of default by the Clerk of the Court. (D.E. ## 8, 10, 11, 12, 13, 16, 17, 19, 20, 22, 23, 25, 26, 44-56.) I referred the motion to the Honorable Robert M. Levy on May 27, 2025. (See Text Order Dated May 27, 2025.) Now before me is Magistrate Judge Levy's Report and Recommendation (R&R) recommending that I grant in part and deny in part Plaintiffs' motion. (D.E. # 76 ("R&R").) No party has objected to the R&R, and the time for doing so has now passed.

1

## BACKGROUND

The facts of this case are recounted in detail in Magistrate Judge Levy's R&R. As relevant here, Plaintiffs' Complaint alleges that Defendants were engaged in a sprawling scheme to submit fraudulent no-fault insurance claims. (R&R at 2-3.) The scheme made use of unlawfully opened pharmacies and involved submitting altered prescription forms to inflate the amount of the claims. (Id. at 4.)

Plaintiffs filed their Complaint on September 5, 2024, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and for fraud and unjust enrichment under state law. (D.E. # 1 ("Compl.").) The Complaint also sought declaratory relief, requesting a declaration that Plaintiffs have no legal obligation to reimburse certain defendants in connection with outstanding no-fault benefit claims that Plaintiffs allege were part of the scheme. (Id. at 139-142.) After a few months of back-and-forth, the Clerk entered default against thirteen defendants, (D.E. ## 44-56), and Plaintiffs filed the instant motion (D.E. # 64).

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

I find no clear error in Magistrate Judge Levy's R&R, to which no party has objected. As Magistrate Judge Levy explained, Plaintiffs have met the requirements to move for default judgment under Federal Rule of Civil Procedure 55. (R&R at 4-5 (citing Fed. R. Civ. P. 55).) And Magistrate Judge Levy also properly conducted a thorough analysis of the defaulting defendants'

2

liability, because "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted). The district court, therefore, must still "determine whether [those] allegations establish [defendants'] liability as a matter of law," Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). Magistrate Judge Levy's rigorous R&R found Plaintiffs' allegations met the standard to establish liability under New York's No-Fault Law, RICO, and common law fraud, but were insufficient to establish unjust enrichment or to justify a declaratory judgment. (R&R at 6-23.) I find no clear error in any of these determinations.

Nor do I find clear error in Magistrate Judge Levy's calculation of damages. Magistrate Judge Levy properly recognized that an entry of default does not automatically entitle Plaintiffs to their alleged damages. (See id. at 23 (citing Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012)). Magistrate Judge Levy therefore analyzed Plaintiffs' submissions on damages, including declarations of Michael Flaherty, Special Investigations Unit Field Analyst for Plaintiff, which documented the amounts Plaintiffs had paid out due to Defendants' scheme. (Id. at 23-24.) Magistrate Judge Levy also correctly determined Plaintiffs were not entitled to prejudgment interest on the RICO claims but were entitled to prejudgment interest on the fraud claims. (Id. at 28-29.) I find no clear error in any of these determinations or calculations.

## CONCLUSION

For the foregoing reasons I adopt Magistrate Judge Levy's Report and Recommendation in full. Plaintiffs' motion for default judgment is GRANTED in part and DENIED in part.

Plaintiffs are entitled to damages in the amounts calculated on page 30 of Magistrate Judge Levy's Report and Recommendation.

SO ORDERED.

Dated: March 20, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon

United States District Judge

4